1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

STATE OF CALIFORNIA et al.,

8                                         Plaintiff(s),

9                v.

10   UNITED STATES DEPARTMENT OF
     TRANSPORTATION et al.,

11

12                                       Defendant(s).

CASE NO.
2:25–cv–02574–TL

ORDER REGARDING INITIAL
DISCLOSURES, JOINT STATUS
REPORT, AND EARLY SETTLEMENT

13                    **I. INITIAL SCHEDULING DATES**

14        The Court SETS the following dates for initial disclosures and submission of the

15   Joint Status Report and Discovery Plan:

16        Deadline for FRCP 26(f) Conference:                    3/2/2026

17        Initial Disclosures Pursuant to FRCP 26(a)(1):         3/16/2026

18        Combined Joint Status Report and Discovery
19        Plan as Required by FRCP 26(f)
          and Local Civil Rule 26(f):                           3/30/2026

20        Any request for an extension of the deadlines above must comply with the

21   procedures set forth in this Court's Standing Order for All Civil Cases. *See*

22   https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf.

23   Plaintiffs and any Defendants who have appeared shall meet and confer before

24   contacting the Court to request an extension and include a certification as to this

25   requirement with any opposed motion.

26

## II. PROCEDURAL INFORMATION

All Counsel and Parties are encouraged to advise the Court of their pronouns and honorifics (such as Ms., Mx., or Mr.) by, for example, noting them in signature lines or advising the Courtroom Deputy before a hearing begins, either via email or in person.

The Court encourages litigants to provide opportunities for less experienced lawyers and Rule 9 licensed legal interns (accompanied and supervised by a more experienced attorney) to participate in all courtroom proceedings, particularly where they contributed significantly to the preparation. While typically only one lawyer may argue on behalf of a Party or question a witness, the Court may allow multiple attorneys to argue or examine a witness on behalf of a client to achieve this end. Counsel should advise the Court prior to the proceeding if they intend to have multiple lawyers argue a case pursuant to this policy. An experienced attorney may supplement a new lawyer's arguments or witness examination questions with their own if necessary. Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

All Counsel and *pro se* Parties shall review the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, which can be found on the Court's website at www.wawd.uscourts.gov.

In addition, all Counsel and *pro se* Parties shall review Judge Lin's Chambers Procedures at https://www.wawd.uscourts.gov/judges/lin−procedures.

**Counsel and *pro se* Parties are expected to abide by the requirements set forth in the Local Rules and General Orders as well as Judge Lin's Chambers Procedures. Failure to do so may result in the imposition of sanctions.**

### III. EXEMPT CASES

If this case involves claims that are exempt from the requirements of Federal Rules of Civil Procedure ("FRCP") 26(a) and 26(f), the Parties shall file a "Notice of Exemption and Request to Strike Deadlines" no later than **five (5) days prior** to the

ORDER REGARDING INITIAL DISCLOSURES, JOINT
STATUS REPORT, AND EARLY SETTLEMENT – 2

deadline for FRCP 26(f) Conference: (1) stating the case is exempt; (2) stating the reason

the case is exempt; and (3) requesting the Court strike the deadlines set forth in this

Order for the FRCP 26(f) conference and FRCP 26(a) initial disclosures. In addition, in

their Joint Status Report, the Parties should only respond to the applicable or relevant

sections of this Order. For any items that are not applicable to the exempt case, the

Parties may simply state "N/A" for that item.

## IV. JOINT STATUS REPORT & DISCOVERY PLAN

As noted above, all Counsel and any *pro se* Parties are directed to confer and

provide the Court with a combined Joint Status Report and Discovery Plan (the

"Report") by March 30, 2026. This conference shall be by direct and personal

communication, whether that be an in–person or virtual face–to–face meeting or a

telephonic conference. The Report will be used to set a schedule for the prompt

resolution of the case. It must contain the following information by corresponding

paragraph numbers:

1.   A statement of the nature and complexity of the case.

2.   The Parties have the right to consent to assignment of this case to a full time

United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Magistrate

Judge Rule 13, to conduct all proceedings. The Western District of Washington assigns a

wide range of cases to Magistrate Judges. The Magistrate Judges of this District thus

have significant experience in all types of civil matters filed in our court. Additional

information about our District's Magistrate Judges can be found at

www.wawd.uscourts.gov. The Parties should indicate whether they agree that the

Honorable Brian A. Tsuchida may conduct all proceedings in this case, including trial

and the entry of judgment. When responding to this question, the Parties should only

respond "yes" or "no." A "yes" response should be indicated only if all Parties consent.

Otherwise, a "no" response should be provided. Individual Party responses should not be

provided.

    3.  A proposed deadline for joining additional Parties.

    4.  <u>For class action cases only</u>: A proposed deadline for the filing of the Motion for Class Certification. The Parties shall propose an agreed–upon briefing schedule for the class certification motion. Non–class action cases shall simply state "N/A."

    5.  <u>For exempt cases only</u>: A proposal for any relevant deadlines not discussed in this Order. Non–exempt cases shall simply state "N/A."

    6.  A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the Parties' views and proposals on all items set forth in FRCP 26(f)(3), which include the following topics:

        (A)  initial disclosures;

        (B)  subjects, timing, and potential phasing of discovery;

        (C)  any issues about discovery or electronically stored information;

        (D)  privilege issues;

        (E)  changes to discovery limitations imposed under the Federal and Local Civil Rules or other proposed limitations on discovery; and

        (F)  the need for any discovery–related orders.

    7.  The Parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

        (A)  prompt case resolution;

        (B)  alternative dispute resolution;

        (C)  related cases;

        (D)  discovery management;

        (E)  anticipated discovery sought;

        (F)  phasing motions;

(G)  preservation of discoverable information;

(H)  privilege issues;

(I)  Model Protocol for Discovery of ESI; and

(J)  alternatives to the Model Protocol.

8.   The date by which discovery will be completed. The Court generally does not set separate fact discovery or expert disclosure deadlines and expects the Parties to manage the sequencing of discovery. If the Parties specifically want separate fact and expert discovery deadlines, the Parties should include them in this section of the Report.

9.   Whether the case should be bifurcated, *e.g.*, by trying the liability issues before the damages issues.

10.   Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy.

11.   Whether the Parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

12.   Whether the Parties intend to utilize any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.

13.   Any other suggestions for shortening or simplifying the case.

14.   The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Report. If the Parties will be proposing a trial date more than fourteen (14) months from the date of the filing of the Report, the Parties shall include in this section of the Report an explanation as to why the additional time is required. While the Court will attempt to accommodate the Parties' preferred trial date(s), the trial date will be set based on the Court's calendar. Additionally, the Court's preferred pretrial schedule is available for the Parties' review at https://www.wawd.uscourts.gov/judges/lin–procedures. If the Parties wish to deviate

from the Court's preferred schedule, the Parties shall propose an alternative schedule and explain the specific need for that alternative schedule in this section of the Report.

15.   Whether the trial will be a jury or non–jury trial.

16.   The number of trial days required. The Parties should plan for five (5) hours of testimony each day.

17.   The names, addresses, and telephone numbers of all Trial Counsel.

18.   The dates on which Trial Counsel may have conflicts or other complications to be considered in setting a trial date.

19.   If, on the due date of the Report, all Defendant(s) or Respondent(s) have not been served (or waived service), Counsel for Plaintiff(s) or Petitioner(s) shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

20.   Whether any Party wishes to have a scheduling conference in advance of the Court's entry of a scheduling order in the case.

21.   List the date(s) that each and every nongovernmental corporate Party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

22.   A certification that all Counsel and any *pro se* Parties have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.

23.   A certification that all Counsel and any *pro se* Parties have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

If the Parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the Parties wish to have a status conference with the Court at any time during the pendency of this action, they

should notify Kadya Peter, Courtroom Deputy, at kadya_peter@wawd.uscourts.gov.

Any request for relief must be separately filed as a stipulated motion, where feasible, or a disputed motion. Local Civil Rule 16(a).

## V. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the Clerk to Counsel for Plaintiff (or to Plaintiff, if *pro se*) and any Defendants who have appeared. Plaintiff's Counsel (or Plaintiff, if *pro se*) is directed to serve copies of this Order on all Parties who appear after this Order is filed. Such service shall be accomplished **within ten (10) days** after each appearance. Plaintiff's Counsel (or Plaintiff, if *pro se*) will be responsible for starting the communications needed to comply with this Order.

## VI. EARLY SETTLEMENT CONSIDERATION & NOTIFICATION

When civil cases are settled early – before becoming costly and time consuming – all Parties and the Court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this District has stated:

> [T]he major ADR–related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

This District has adopted a resolution "approving the Task Force's recommendation that court–connected ADR services be provided as early, effectively, and economically as possible in every suitable case." The steps required by this Order are meant to help achieve that goal while preserving the rights of all Parties.

If settlement is achieved, Counsel shall immediately notify Kadya Peter, Courtroom Deputy, at kadya_peter@wawd.uscourts.gov.

## VII. SANCTIONS

The Parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any Party who fails to comply fully with this Order.

Dated this 2nd day of February 2026.

Tana Lin
United States District Judge