The Honorable Tana Lin

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STATE OF CALIFORNIA et al., | NO.  2:25-cv-02574-TL |
| Plaintiffs, | PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION et al., | NOTED FOR HEARING:  April 21, 2026 |
| Defendants. | |

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................. 1

II.     BACKGROUND.................................................................................................. 2

III.    STANDARD OF REVIEW .................................................................................. 6

IV.     ARGUMENT ....................................................................................................... 7

        A.    The AR Does Not Include Documents Addressing the Suspension of the CFI
              and Accelerator Programs....................................................................... 8

        B.    The AR is Missing Documents that Direct the Specifics of USDOT's Review
              of Accelerator and CFI Grants.............................................................. 11

V.      CONCLUSION ................................................................................................. 13

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

i

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

# TABLE OF AUTHORITIES

## Cases

*Blue Mountains Biodiversity Project v. Jeffries*,
  99 F.4th 438 (9th Cir. 2024) ........................................................................................... 8

*Califano v. Sanders*, 430 U.S. 99 (1977) ................................................................................ 6

*Center for Biological Diversity v. Burgum*,
  No. 2:24-cv-05459, Docket No. 114 (C.D. Cal. March 12, 2026) ..................................... 10

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971) ......................................................................................................... 6

*Climate Solutions, et al. v. U.S. Dep't of Transp.*,
  No. 25-2578 (W.D. Wash. Dec. 16, 2025) ........................................................................ 1

*Exxon Corp. v. Dep't of Energy*,
  91 F.R.D. 26 (N.D. Tex. 1981) ......................................................................................... 6

*Fence Creek Cattle Co. v. U.S. Forest Serv.*,
  602 F.3d 1125 (9th Cir. 2010) ...................................................................................... 2, 7

*Gill v. Dep't of Justice*,
  No. 14-cv-03120-RS, 2015 WL 9258075 (N.D. Cal. Dec. 18, 2015) ................................ 7

*Illinois v. Vought*,
  Case No. 26-CV-1566, Docket No. 63 (N.D. Ill. Mar. 12, 2026) ..................................... 10

*Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*,
  463 U.S. 29 (1983).......................................................................................................... 8

*Nat'l Council of Nonprofits v. OMB*,
  775 F. Supp. 3d 100 (D.D.C. 2025)................................................................................. 9

*New York v. McMahon*,
  --- F. Supp. 3d ---, 2026 WL 622484.............................................................................. 11

*New York v. Trump*,
  --- F.4th ---, No. 25-1236, 2026 WL 734941 (1st Cir. Mar. 16, 2026)................................ 9

*New York v. Trump*,
  769 F. Supp. 3d 119 (D.R.I. 2025) ................................................................................. 9

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

ii

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

*Oceana v. Pritzker*,
  No. 16-cv-06784-LHK (SVK), 2017 WL 2670733 (N.D. Cal. June 21, 2017) ...................... 7

*Portland Audubon Soc'y v. Endangered Species Comm.*,
  984 F.2d 1534 (9th Cir. 1993) ................................................................................... 7

*Regents of University of Cal. v. United States Dep't of Homeland Sec.*,
  No. C 17-05211 WHA, 2017 WL 4642324 (N.D. Cal. Oct. 17, 2017) ................................. 6

*Sierra Club, Inc. v. U.S. Fish & Wildlife Serv.*,
  925 F.3d 1000 (9th Cir. 2019) ................................................................................... 8

*Thompson v. U.S. Dep't of Labor*,
  885 F.2d 551 (9th Cir. 1989) ............................................................................... 6, 12

*Washington v. U.S. Dep't of Transp.*,
  792 F. Supp. 3d 1147 (W.D. Wash. 2025).................................................................... 3

*Washington v. U.S. Dep't of Transp., No.*,
  2:25-cv-848, 2026 WL 183584 (W.D. Wash. Jan. 23, 2026)........................................... 1, 8

**Statutes**

23 U.S.C. § 151(f)(6)(A) ............................................................................................... 2

23 U.S.C. 118(b).......................................................................................................... 5

Pub. L. No. 117-58, 135 Stat. 429, 1425 .................................................................... 1, 2

**Other Authorities**

Exec. Order 14154 ................................................................................................. 1, 2, 3

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

iii

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

## I.    INTRODUCTION

On his first day in office, President Trump ordered federal agencies to "immediately pause the disbursement of funds appropriated through … the Infrastructure Investment and Jobs Act [IIJA]"—including, specifically, "funds for electric vehicle charging stations made available through the National Electric Vehicle Infrastructure [NEVI] Formula Program and the Charging and Fueling Infrastructure [CFI] Discretionary Grant Program." Exec. Order 14154, 90 Fed. Reg. 8353, 8357 (Jan. 29, 2025). Defendants' actions implementing this Executive Order previously led to the arbitrary and capricious freeze of NEVI Formula Program funds. *Washington v. U.S. Dep't of Transp.*, No. 2:25-cv-848, 2026 WL 183584 (W.D. Wash. Jan. 23, 2026). The instant case challenges Defendants' actions to carry out that Executive Order by suspending the CFI Discretionary Grant Program and the Electric Vehicle Charger Reliability and Accessibility Accelerator (Accelerator) Program, a subcomponent of the NEVI program. IIJA, Pub. L. No. 117-58, 135 Stat. 429, 1425. These actions include: (1) a "hold" or "pause" on obligation requests under executed CFI and Accelerator award agreements; (2) refusing to advance announced CFI and Accelerator awards to executed agreements, a prerequisite to obligations; and (3) refusing to announce new funding opportunities with available appropriations. Compl., Dkt. #1, ¶¶59, 87; *see also id.* ¶¶88-209; Compl. ¶¶42-54, 88, 95-97, *Climate Solutions, et al. v. U.S. Dep't of Transp.*, No. 25-2578 (W.D. Wash. Dec. 16, 2025) ("NGO Compl.").

The Administrative Record (AR or record) produced by Defendants says nothing about these actions. The AR focuses exclusively on a years-long review by the U.S. Department of Transportation (USDOT) of thousands of unobligated grants. But the AR does not include the directions provided to Federal Highway Administration (FHWA) Division Offices about how to handle grants while the review is pending, including whether to hold obligation requests or process them as usual. Nor does it include any of the other documents by which Defendants implemented the suspensions alleged in Plaintiffs' Complaints. Even if Plaintiffs' Complaints

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

1

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

were targeted solely at USDOT's internal review—which they are not—the AR would still be insufficient, as it does not constitute an adequate record of that review. The lack of documents relevant to these challenged agency actions renders the AR deficient.

The record obscures and withholds the agency actions at issue in this litigation. This Court should order Defendants to complete the record with the limited set of decisional documents Plaintiffs seek to "identify and plug holes in the administrative record," *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (cleaned up) for purposes of enabling meaningful judicial review.

## II. BACKGROUND

Congress created the two transportation grant programs at issue in this complaint in 2021 when it passed the IIJA. The NEVI Formula Program includes a 10% set-aside for discretionary grants that FHWA used to create the Accelerator program, 135 Stat. 1425i, *see* Compl. ¶¶56-59. And the CFI Discretionary Grant Program directs $2.5 billion to States and local governments for electric vehicle (EV) charging and alternative fueling infrastructure, 23 U.S.C. § 151(f)(6)(A), *see* Compl. ¶¶60-69, NGO Compl. ¶¶16-27.[1]

On the first day of his term, President Trump signed Executive Order 14154, *Unleashing American Energy*, directing that all federal agencies "shall immediately pause" the disbursement of funds under the IIJA, "including but not limited to funds for electric vehicle charging stations made available through the [NEVI] Formula Program and the [CFI] Discretionary Grant Program, and shall review their processes, policies, and programs for issuing grants, loans, contracts, or any other financial disbursements of such appropriated funds for consistency with the law and the policy outlined in section 2 of this order." Compl. ¶¶70-73, NGO Compl. ¶¶36-40. Subsequently, the White House Office of Management & Budget (OMB), USDOT, and USDOT's Office of the Assistant Secretary of Transportation

---

[1] The IIJA structures the CFI authorization into five annual appropriations each subject to a three-year availability period. Compl. ¶¶67-68, NGO Compl. ¶17. Thus, September 30, 2026, represents the deadline Congress set for Defendants to obligate funds in the $400 million FY2023 appropriation.

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO. 2:25-cv-02574-TL

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

Policy (OST-P) issued several memoranda interpreting and applying the *Unleashing* Executive Order to federal grant programs supporting greenhouse gas reductions, EVs, and EV charging infrastructure. These interpretative memoranda include: OMB Memorandum M-25-11; a January 29, 2025 USDOT internal memo, "Implementation of Executive Orders Addressing Energy, Climate Change, Diversity, and Gender"; DOT Order No. 2100.7, "Ensuring Reliance Upon Sound Economic Analysis in Policies, Programs, and Activities"; and, notably, an untitled March 11, 2025 OST-P memo setting out guidance for implementing the above directives (the March Guidance Memo). Compl. ¶¶74-84; NGO Compl. ¶¶41, 43-44.

The March Guidance Memo directs actions to "comply with current Administration priorities and Executive Orders," including *Unleashing American Energy*, DOT Order 2100.7, and the January 29 memorandum. Compl. Ex. 5 at 2, ECF 1-5, NGO Compl. Ex. D at 2. It applies to "competitive award selections made after January 20, 2021, that do NOT have fully obligated grant agreements or cooperative agreements in place." *Id.* It directs a three-part review of "all award selections without grant agreements and partially obligated grant agreements"[2]: first, identify and flag award selections that include certain disfavored elements like climate change, EVs, and EV charging infrastructure; second, recommend flagged awards for continuation, revision, or cancellation; and third, for those awards recommended for revision, update project scopes to eliminate the flagged activities. *Id.* Notably, this review does not exempt award selections that are statutorily required to include the flagged elements, like the CFI and Accelerator programs.

Defendants have not approved any new obligations under the CFI or Accelerator programs since March 2025. Compl. ¶205; *see also* NGO Compl. ¶52. Instead, they have

---

[2] An obligation is "a legal duty that makes the federal government liable for payment for 'goods and services ordered or received,' or a legal duty that could mature into such a liability." *Washington v. U.S. Dep't of Transp.*, 792 F. Supp. 3d 1147, 1162 (W.D. Wash. 2025). Some grant agreements are structured to stage obligation of funds by project or by phase. Compl. ¶79; NGO Compl. ¶28. Thus, award selections that do not have grant agreements or have partially obligated grant agreements are those selections for which the relevant funds have not yet been obligated to the recipient. After obligation, the last phase is disbursement, in which funds are actually transferred to the recipient. *Washington*, 792 F. Supp. 3d at 1162.

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

3

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

repeatedly communicated to grantees and others that they are not currently approving obligations under those programs. For example:

- "We have not received the authorization from FHWA HQ Program Office to proceed forward with these competitive grant programs." Collins Decl. ¶43.
- "[U]ntil we receive notice from HQ, this program is on hold." Collins Decl. ¶4.
- "[I]t has been stressed that the Division Office may not obligate further funds without permission from the Office of the Secretary of Transportation (OST)." Collins Decl. ¶13.
- "CFI grant and all discretionary grant operations are currently on pause." Collins Decl. ¶20.
- "[T]he CFI program has not been released from administrative review to allow obligation of any CFI funding, at this time." Manjur Decl. ¶11.

- "The CFI award under the Charging and Fueling Infrastructure Grant Program is under review. The Department is actively working to review grant awards for consistency with all executive orders and direction issued by the Trump-Vance Administration as consistent with law." Manjur Decl. ¶14.
- "[A]s a result of [the *Unleashing American Energy*] executive order and related agency actions, most of FHWA's NEVI and CFI activities were under review while it and other relevant agencies determine whether these efforts align with the administration's policies and priorities." Manjur Decl. ¶16.

Defendants have also refused to advance CFI and Accelerator awards announced at the end of the previous Administration to executed award agreements—a prerequisite for obligation—for over a year, despite the typical contracting process taking "months." *See, e.g.,* Collins Decl. ¶¶29-34 (FHWA notified University of Washington Bothell in August 2024 that it would receive a $1.1 million CFI award, but has not finalized award agreement); Compl.

PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD - NO.  2:25-cv-02574-TL

4

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

¶¶88-209, NGO Compl. ¶¶52-53. Finally, Defendants have not announced any new funding opportunities backed by the FY2026 CFI appropriation despite those funds becoming available in October 2025. *See, e.g.*, 23 U.S.C. 118(b) ("[A]uthorizations from the Highway Trust Fund . . . to carry out this title shall be available for obligation on the date of their apportionment or allocation or on October 1 of the fiscal year for which they are obligated, whichever occurs first.")

Plaintiffs filed this case on December 16, 2025, bringing constitutional and Administrative Procedure Act (APA) claims against the indefinite suspension of the CFI Program. Compl., Dkt. #1; NGO Compl. The Plaintiff States also challenged the suspension of the Accelerator Program. Dkt. #1.

On March 11, 2026, Defendants produced a purported AR, Dkt. #51, for this Court to resolve the APA claims in this case. The AR consists of fewer than 85 total pages, nearly all of which consist of "example" schedules of grant agreements containing requirements that have since been "identified and removed" (Lefevre Decl. ¶11); press releases from April 23, May 6, May 14, and June 10, 2025 announcing the approval of non-CFI or Accelerator grant agreements; and lists of approved USDOT grants and projects dated May 6, May 8, and June 10, 2025. None of these pertain to the CFI or Accelerator programs.

Just two documents in the AR are relevant to the indefinite freeze of the programs at issue in this case: DOT Order 2100.7 and the declaration of Maria Lefevre, OST-P Executive Director. The Lefevre declaration describes an internal USDOT review conducted by "a committee of DOT employees" that "met regularly to review grant selections for consistency" with applicable statutes and "the Administration's policy priorities." Lefevre Decl. ¶¶10-11. While some USDOT grants have completed this review process "and received approval to move forward," *Id.* ¶12, and although the USDOT committee has now "completed its meetings," USDOT "has not yet reached final decisions with respect to some of the unobligated grant selections," including all grant selections for the CFI and Accelerator

PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD - NO.  2:25-cv-02574-TL

5

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

programs. *Id.* ¶¶13-14. The declaration also describes USDOT's actions "identif[ying] and remov[ing] extraneous grant requirements that are not mandated by underlying statutes," such as those requiring emissions reporting. *Id.* ¶11.

While the Lefevre Declaration acknowledges that "no grant selections for the CFI or Accelerator programs have completed the grant review process," Lefevre Decl. ¶5, neither that declaration nor the AR generally includes the directions to FHWA Division Offices to take the actions challenged in this litigation. By the conclusion of the parties' agreed-upon meet and confer period, Defendants had not agreed to add any of the identified documents to the AR. Collins Decl. ¶46. Accordingly, Plaintiffs now move for an order compelling Defendants to complete the record.

### III.    STANDARD OF REVIEW

In evaluating the validity of an agency decision under the APA, the Court must consider "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). A full administrative record "consists of all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original) (quoting *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981)); *Regents of University of Cal. v. United States Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *2 (N.D. Cal. Oct. 17, 2017) (administrative record "includes not only documents that 'literally pass[ed] before the eyes of the final agency decision maker' but also documents that were considered and relied upon by subordinates who provided recommendations to the decision maker").

It is not enough for an agency to simply declare the record complete. "The whole administrative record . . . 'is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record.'" *Thompson*, 885 F.2d at 555. Rather, the record must

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

6

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

"include[] everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). "An incomplete record must be viewed as a 'fictional account of the actual decisionmaking process'" that renders the "requirement that the agency decision be supported by 'the record' . . . almost meaningless." *Id.*

Where a party demonstrates that the record produced by the agency does not include materials considered in the decision-making process, a court may order the agency to complete the record. A party who moves to complete the record must "show that the additional materials sought are necessary to adequately review the [agency's] decision[.]" *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

The presumption of regularity afforded to the administrative record can be overcome if a movant can "identify the allegedly omitted materials with sufficient specificity" and "identify reasonable, non-speculative grounds for the belief that documents were considered by the agency and not included in the record." *Oceana v. Pritzker*, No. 16-cv-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (quoting *Gill v. Dep't of Justice*, No. 14-cv-03120-RS, 2015 WL 9258075 (N.D. Cal. Dec. 18, 2015)).

**IV.    ARGUMENT**

The AR includes only a tiny fraction of "everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y*, 984 F.2d at 1548. Against the backdrop of the impending September 30 deadline, *see supra n.1*, and in a context in which delay frustrates both industry certainty and Congressional intent, Plaintiffs have given Defendants ample time to produce the AR. In response, Defendants have produced a plainly inadequate record.

Plaintiffs seek decisional documents relevant to the agency decisions challenged that were "before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y*, 984 F.2d at 1548. Notably, the decisional documents sought are by definition not deliberative

documents, such as "recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the personal opinion of the writer rather than the policy of the agency." *Sierra Club, Inc. v. U.S. Fish & Wildlife Serv.*, 925 F.3d 1000, 1015 (9th Cir. 2019) (citation omitted). Plaintiffs instead seek documents that set out and implement the CFI and Accelerator suspensions. *See Washington v. U.S. Dep't of Transp.*, 2026 WL 183584 at *10 (finding funding freeze to be a final agency action and citing cases). Plaintiffs do not seek the deliberations generated during Defendants' grant review process, nor do they seek Defendants' deliberations about whether to review CFI and Accelerator grants, pause obligation requests, refuse to advance awards to executed agreements, or refuse to announce new funding opportunities. Rather, Plaintiffs seek only the documents by which these decisions were announced, communicated and implemented. Those documents will allow this Court to assess the lawfulness of the agency's action based on the reasons offered by the agency, *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). As the documents Plaintiffs seek were not "prepared to aid the decision-maker in arriving at" the decisions challenged, they are not deliberative documents. *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1048 (2025).

The record is inadequate for the agency actions at issue in this case, the unlawful suspension of programs for which Congress appropriated funds. Defendants must complete the record with the specified, limited set of decisional documents that were improperly omitted from the AR to enable meaningful judicial review.

**A.    The AR Does Not Include Documents Addressing the Suspension of the CFI and Accelerator Programs**

Rather than candidly disclose the basis for the actions challenged in the Complaints, Defendants seek to limit the record to USDOT's review of grant selections, *see* Lefevre Decl. ¶¶10-14. An internal review process can constitute an illegal funding freeze where it

PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD - NO.  2:25-cv-02574-TL

8

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

categorically and indefinitely suspends funding pending such review. *New York v. Trump*, --- F.4th ---, No. 25-1236, 2026 WL 734941, at *18-19 (1st Cir. Mar. 16, 2026) (affirming that FEMA's suspension of disbursements pending a lengthy "manual review process" violated preliminary injunction against the OMB freeze). But the AR does not include the documents that turned this internal review into the observed "hold" or "pause" on obligations, contracting processes, and new funding opportunities—i.e., into the suspension of the programs themselves.

First, the AR does not include the communication or directive to USDOT or FHWA employees to place a "hold" or "pause" on obligation requests under CFI/Accelerator awards, halt contracting processes, and suspend new funding opportunities. The Complaints consistently identify these as challenged actions that the AR must explain. Compl. ¶¶4, 87, 205, NGO Compl. ¶¶3, 46-54.

Defendants admit that obligation requests, contracting processes, and funding opportunities under the CFI and Accelerator programs have been suspended. Lefevre Decl. ¶¶4, 14. And communications from FHWA Division Offices indicate these suspensions follow from specific instructions from the White House, USDOT, OST-P, and FHWA's D.C. headquarters. Collins Decl. ¶1-44; *supra* pp.4-5. Common sense confirms that parallel actions and statements of this sort happen because of top-down coordination. *See, e.g.*, *New York v. Trump*, 769 F. Supp. 3d 119, 135 (D.R.I. 2025), *aff'd in relevant part*, *New York v. Trump*, --- F.4th ---, No. 25-1236, 2026 WL 734941 (1st Cir. Mar. 16, 2026) ("To suggest that the challenged federal funding freezes were purely the result of independent agency decisions rather than the OMB Directive or the *Unleashing* Guidance is disingenuous."); *Nat'l Council of Nonprofits v. OMB*, 775 F. Supp. 3d 100, 115-116 (D.D.C. 2025) (rejecting the idea that federal agencies "suddenly began exercising their own discretion to suspend funding across the board at the exact same time" as a "remarkable—and unfathomable—coincidence"). Such policies do not occur spontaneously within a federal agency: they must be selected by some

PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD - NO.  2:25-cv-02574-TL

9

decisionmaker and ordered or communicated to agency staff. *See Illinois v. Vought*, Case No. 26-CV-1566, Docket No. 63, at 2-4 (N.D. Ill. Mar. 12, 2026) (finding that plaintiffs had made a circumstantial case for existence of "an agency directive that guided HHS").

What makes the notion of a nationwide hold *without* a directive even more implausible is that one such directive, on its face applicable to the CFI and Accelerator programs, has widely circulated among transportation agencies since last spring—even if Defendants never published it.[3] The March Guidance Memo addresses itself to "Heads of Secretarial Offices and Operating Administrations (OA)"; states that it is "providing guidance on" certain competitive award selections; and includes an "ACTION" section with directions for agency staff. Compl. ¶¶77-84 & Ex. 5. These directions specifically order that USDOT flag, revise, and/or cancel award selections that include certain elements—elements that all award selections under the CFI and Accelerator programs are statutorily required to provide. *Id.* The Memo directs exactly the kind of internal review described in the Lefevre Declaration, *see* AR0001-0006, and would result in the halt of funding experienced by Plaintiffs and described in the Complaint, Compl. ¶¶59, 87-209.

Yet the AR produced by Defendants does not include the March Guidance Memo. Nor does it include the *Unleashing* Executive Order, OMB Memorandum M-25-11, or the USDOT memorandum "Implementation of Executive Orders Addressing Energy, Climate Change, Diversity, and Gender." Each of these documents describe and direct the internal review and funding pause that Plaintiffs describe in the Complaint. To the extent Defendants argue that these documents are not included in the AR because they are no longer applicable, Defendants must identify and include those documents that *are* now applicable. Similarly, Defendants must produce any other instructions, directives, memoranda, or guidance from the White

---

[3] The Guidance Memo was leaked and subsequently posted online. *See* March 11, 2025 USDOT Grants Directive, https://nacto.org/wp-content/uploads/March-11-2025-USDOT-Grants-Directve.pdf. Defendants have never denied the existence of the Guidance Memo, nor explained how it could be shielded by the deliberative process privilege given that it is a decisional document and was shared externally. *See Center for Biological Diversity v. Burgum*, Case No. 2:24-cv-05459, Docket No. 114, at 10 (C.D. Cal. March 12, 2026).

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

10

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

House, OMB, USDOT, OST-P, or FHWA headquarters that address the implementation of these orders or otherwise discuss the review and pause of the CFI and Accelerator programs.

In addition to lacking the documents underlying the suspension of the CFI and Accelerator programs, the AR also fails to include the documents necessary to implement those suspensions. It does not include the instructions or directives to USDOT and FHWA staff regarding how to communicate the status of the CFI and Accelerator programs and grants to applicants and awardees. Emails from FHWA to CFI grantees make clear that FHWA Division Offices were following directives from other parts of the agency, but these directives are absent from the AR. *See, e.g.*, Collins Decl. ¶13 (FHWA email stating that "it has been stressed that the Division Office may not obligate further funds without permission from the Office of the Secretary of Transportation").

Nor does the AR include any lists or tables of the grants or grant requests at issue. It is implausible, if not impossible, that Defendants administered the CFI and Accelerator programs without maintaining an internal database of the grants they were administering. *See New York v. McMahon*, --- F. Supp. 3d ---, 2026 WL 622484, at *3 (D. Mass. Feb. 11, 2026) ("[I]t is sufficiently specific and non-speculative that an agency conducting a RIF would keep track of the employees and offices that are impacted by the RIF.")

Finally, the AR does not include FHWA's communications that are cited in Plaintiffs' Complaints with CFI or Accelerator grantees carrying out the suspensions as to specific CFI and Accelerator awards, obligation requests, and funding opportunities.

**B.**     **The AR is Missing Documents that Direct the Specifics of USDOT's Review of Accelerator and CFI Grants**

Even if the AR could be limited to USDOT's internal review of Accelerator and CFI grants—which it cannot—the AR is nonetheless missing key documents setting out the scope of that review and implied by the AR itself. The Lefevre Declaration describes a "committee of DOT employees" that "met regularly" to review USDOT grant selections. Lefevre Decl. ¶11.

PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD - NO.  2:25-cv-02574-TL

11

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

But the AR does not contain any documents establishing this committee and membership, minutes recording the outcome of the committee's decisionmaking process, or guidance documents establishing the scope of the committee's review and its criteria for judging "consistency with [governing] statutes" and "overall consistency with the Administration's policy priorities." *Id.* Grant reviews like the one described in the Lefevre Declaration simply do not happen without such materials creating and guiding them: indeed, the March Guidance Memo itself sets out the scope and criteria for a review of exactly the kind Ms. Lefevre outlines. Compl. Ex. 5; NGO Compl. Ex. D. If CFI and Accelerator awards are indeed suspended pending this review, the scope and character of the review is critical to understanding the agency's justification for the suspension.

The AR also does not contain any documents concluding the committee's activities or guiding USDOT's ongoing review of grant selections. The Lefevre Declaration states that although the "committee has completed its meetings," "the review process remains ongoing." Lefevre Decl. at ¶13. But the AR does not include any documents dissolving the committee or establishing the body continuing the review process, let alone the directives or guidance by which this body is continuing its work.

Similarly, the Lefevre Declaration describes USDOT's actions "identify[ing] and "remov[ing] extraneous grant requirements" from grant agreements, but aside from two "example grant agreement schedules," the AR does not contain any directives, guidance, or records concerning this process. *Id.* Again, it is impossible that the review described by the Lefevre Declaration could occur without direction from a memorandum, guidance document, or other record, yet no such materials were included in the AR.

The AR submitted by Defendants plainly does not include "all documents directly or *indirectly* considered by agency decision-makers." *Thompson*, 885 F.2d at 555 (emphasis in original). The exclusion of documents directing and implementing the freeze of CFI and Accelerator funds—as well as the exclusion of any documents directing or implementing the

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

12

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

review described in the Lefevre Declaration—indicate that Defendants have failed to include all necessary documents in the AR. Plaintiffs have overcome the presumption of regularity and met the burden of proving that the record designated by the agency is incomplete.

### V.    CONCLUSION

The administrative record as produced cannot allow substantial and meaningful judicial review. Plaintiffs respectfully request that the Court order USDOT to complete its administrative record with the missing documents identified above.

Certificate of Compliance: I certify that this memorandum contains 4,119 words, in compliance with the Local Civil Rules.

Dated: March 31, 2026

Respectfully submitted,

**ROB BONTA**
Attorney General for the State of California

By: /s/ *Natalie Collins*
NATALIE COLLINS, Cal. SBN 338348*
Deputy Attorney General
ROBERT SWANSON, Cal. SBN 295159*
Supervising Deputy Attorney General
THEODORE A. MCCOMBS, Cal. SBN 316243*
ELIZABETH JONES, Cal. SBN 326118*
Deputy Attorneys General
(619) 738-9140
natalie.collins@doj.ca.gov
robert.swanson@doj.ca.gov
theodore.mccombs@doj.ca.gov
elizabeth.jones@doj.ca.gov

*Attorneys for the State of California*

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

13

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: s/ Sarah H. Weiss
CARRIE NOTEBOOM, CBA #52910*
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for the State of Colorado*

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: /s/ Lauren Watford
LAUREN WATFORD, SBA #037346*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Lauren.Watford@azag.gov

*Attorneys for the State of Arizona*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: s/ Caitlin M. Soden
CAITLIN M. SODEN, WSBA #55457
LEAH A. BROWN, WSBA #45803
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
(206) 464-7744
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for the State of Washington*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: /s/ Vanessa L. Kassab
IAN R. LISTON, DSBA #5507*
Director of Impact Litigation
RALPH K. DURSTEIN III, DSBA #0912*
VANESSA L. KASSAB, DSBA #5612*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

14

**BRIAN L. SCHWALB**
Attorney General of the District of Columbia

By: */s/ Lauren Cullum*
LAUREN CULLUM*
Special Assistant Attorney General
Office of the Attorney General
for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
lauren.cullum@dc.gov

*Attorneys for the District of Columbia*

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: */s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN, MSBA
#1612130206*
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

*Attorneys for the State of Maryland*

**KWAME RAOUL**
Attorney General of the State of Illinois

By: */s/ Katharine Roller*
KATHARINE ROLLER*
Complex Litigation Counsel
R. HENRY WEAVER*
Assistant Attorney General
Office of the Illinois Attorney General
115 LaSalle Street
Chicago, IL 60603
(773) 519-1842
katharine.roller@ilag.gov

*Attorneys for the State of Illinois*

**ANDREA JOY CAMPBELL**
Attorney General for the Commonwealth
of Massachusetts

By: */s/ Vanessa A. Arslanian*
VANESSA A. ARSLANIAN**
State Trial Counsel
JULIA JONAS-DAY*
Assistant Attorney General
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

15

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

**DANA NESSEL**
Attorney General of the State of Michigan

By: /s/ Daniel Ping
DANIEL PING*
NEIL GIOVANATTI*
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
PingD@michigan.gov
GiovanattiN@michigan.gov

*Attorneys for the State of Michigan*

**LETITIA JAMES**
Attorney General of the State of New York

By: /s/ Kyle Burns
KYLE BURNS, NY Atty. Reg. #5589940*
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
(212) 416-8451
Kyle.Burns@ag.ny.gov

*Attorneys for the State of New York*

**JENNIFER C. SELBER**
General Counsel

By: /s/ Jacob B. Boyer
JACOB B. BOYER*
Deputy General Counsel
Office of General Counsel
30 North Street, Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov

*Attorneys for Governor Josh Shapiro of Pennsylvania*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: /s/Nell Hryshko
NELL HRYSHKO*
Deputy Attorney General
Division of Law
25 Market St., P.O. Box 093
Trenton, NJ 08625
Telephone: (609) 376-2740
nell.hryshko@law.njoag.gov

*Attorneys for the State of New Jersey*

**DAN RAYFIELD**
Attorney General of the State of Oregon

By: /s/ Patrick Rowe
PATRICK ROWE, OSB #072122*
Senior Assistant Attorney General
100 SW Market Street
Portland, Oregon 97201
(971) 600-8959
Patrick.G.Rowe@doj.oregon.gov

*Attorneys for the State of Oregon*

**PETER F. NERONHA**
Attorney General of the State of Rhode Island

/s/ Nicholas M. Vaz
NICHOLAS M. VAZ, RIBA # 9501*
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Attorneys for State of Rhode Island*

PLAINTIFFS' JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD - NO.  2:25-cv-02574-TL

16

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

**CHARITY R. CLARK**
Attorney General of the State of Vermont

By: */s/ Jonathan T. Rose*
JONATHAN T. ROSE*
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov

*Attorneys for the State of Vermont*

s/ Jan E. Hasselman
s/ Marvin Brown IV

JAN E. HASSELMAN, WSBA #29017
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
Tel: (206) 343-7340
jhasselman@earthjustice.org

MARVIN C. BROWN IV*
Earthjustice
1001 G St., NW, Ste. 1000
Washington, DC 20001
Tel: (202) 794-5355
mcbrown@earthjustice.org

*Counsel for Plaintiffs Climate Solutions and Sierra Club*

**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT,
Wis. State Bar #1050435*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-9226
frances.colbert@wisdoj.gov

*Attorneys for the State of Wisconsin*

s/ Jennifer A. Sorenson

JENNIFER A. SORENSON, WSBA #60084
P.O. Box 31936
Seattle, WA 98103
Tel: (415) 361-9495
jen.sorenson@gmail.com

*Counsel for Plaintiff Natural Resources Defense Council*

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

17

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

s/ Joshua Stebbins
s/ Zachary Fabish
s/ Joya Manjur

JOSHUA STEBBINS*
ZACHARY M. FABISH*
Sierra Club
50 F St. NW, 8th Floor
Washington, DC 20001
Tel: (202) 417-717
Tel: (650) 388-8446
josh.stebbins@sierraclub.org
zachary.fabish@sierraclub.org


JOYA MANJUR*
Sierra Club
2101 Webster St. #1300
Oakland, CA 94612
joya.manjur@sierraclub.org
Tel: (510) 221-6342

*Counsel for Plaintiff Sierra Club*


* Admitted Pro Hac Vice
** Pro Hac Vice Forthcoming

s/ Shampa Panda-Bryant
s/ Thomas Zimpleman

SHAMPA PANDA-BRYANT*
THOMAS ZIMPLEMAN*
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
Tel: (202) 836-9333
Tel: (202) 289-6868
spanda-bryant@nrdc.org
tzimpleman@nrdc.org

*Counsel for Plaintiff Natural Resources
Defense Council*

PLAINTIFFS' JOINT MOTION TO
COMPLETE THE ADMINISTRATIVE
RECORD - NO.  2:25-cv-02574-TL

18

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744