# EXHIBIT 9

| From: | Theodore McCombs |
|---|---|
| To: | Schopf, Joshua N (CIV); Zachary Fabish |
| Cc: | Robert Swanson; Elizabeth Jones; Carrie Noteboom; Brown, Leah (ATG); Soden, Caitlin (ATG); Sarah Weiss; josh.stebbins@sierraclub.org; jhasselman@earthjustice.org; mcbrown@earthjustice.org; joya.manjur@sierraclub.org; jen.sorenson@gmail.com; spanda-bryant@nrdc.org; tzimpleman@nrdc.org; Natalie Collins; Liz Rumsey |
| Subject: | Re: California v. USDOT, nos. 25-2574/25-2578 (W.D. Wash.) |
| Date: | Thursday, March 19, 2026 12:29:00 PM |

Josh,

Plaintiffs have reviewed the administrative record filed with the Court in *California v. USDOT*, and it is clearly inadequate. The AR does not include any information related to the Defendants' operative decision(s) to carry out the challenged conduct, and the AR's contents demonstrate that critical information remains undisclosed.

As I said in my February 12 and 23 emails, and as discussed on the February 10 Teams conferral with Plaintiff States, we agreed to forego our expedited discovery motion on the expectation that the AR would explain the contested actions, whether through one or many formal or informal directives—even allowing for the parties' continued disagreement over whether a final agency action had occurred. As we identified in my January 9 email, we have been asking Defendants to:

> identify and produce, with respect to the CFI and Accelerator Programs, the operative decision(s) behind the Defendant agencies':
> 1. Rejecting obligation requests;
> 2. Suspending processing of obligation requests pending administrative review;
> 3. Failing to advance announced awards to an executed award agreement; and
> 4. Refusing to release new funding opportunities with available program funds.

The AR produced on March 11 confirms that CFI and Accelerator awards are held up in a categorical and indefinite administrative review, but it does not include any information related to the decision(s) to take the above actions, such as but not limited to a directive or other communication to reject obligation requests, suspend processing such requests, stop all contracting processes underway on announced awards, or suspend new funding opportunities. DOT Order 2100.7 does not specifically direct any of these actions, and to the contrary directs implementation in a "transparent manner that avoids ... undue delay." Nor does the AR include materials related to the defendants' implementation of relevant executive orders, such as the "Unleashing American Energy" EO 14154, also referenced in our complaints.

In addition, Ms. Lefevre's declaration strongly suggests the existence of internal memos,

instructions, emails, or other documents that should be part of the AR, but are not, including (but not limited to) those describing:

- The "committee of DOT employees" reviewing CFI/Accelerator grants (¶11) and the persons or body performing the ongoing review process (¶ 13)
- Criteria, instructions, or other guidance for how this committee identifies or evaluates "burdensome requirements that [go] beyond statutory mandates" (¶8), "extraneous grant requirements that are not mandated by underlying statutes" (¶11), "consistency with the statutes governing the relevant grant programs" (¶11), "consisten[cy] with statutory requirements and … the public interest" (¶10), and "overall consistency with the Administration's policy priorities" (¶11);
- Criteria, instructions, or other guidance for how this committee "identifie[s] and remove[s] extraneous grant requirements" (¶11) and identifies "potential modification of project scope or associated requirements" (¶9);
- The conclusion of the DOT committee mentioned in ¶11 and the transition to another review team (¶13);
- How the reviewers prioritize programs or grants for completion, and why CFI and Accelerator grants have not completed the grant review process over a year after DOT Order 2100.7 (¶14).

DOT Order 2100.7 also calls for USDOT's OAs to "develop and issue guidance necessary to implement and effectuate this Order." We identified in our complaints a March 11, 2025 internal memo that on its face purports to be that guidance, and by its terms applies to CFI/Accelerator awards, yet it is omitted from the AR. That omission further underscores the incompleteness of this AR. You represented in our February 10 conferral that that memo is not the operative decision. We understood from that exchange that the March 11 memo had been superseded and that the AR would include the superseding guidance memo, directive, or similar. At a minimum, Defendants must give a satisfactory explanation for why the March 11, 2025 guidance memo is not in the AR and explain what process superseded it.

We have held off seeking discovery for four months to accommodate USDOJ's staffing of the case and your discussions with your clients, despite the billions of dollars at stake under these congressionally mandated programs. If we do not hear by Monday, March 23, a commitment to complete the record that addresses the above concerns by March 27, we will seek relief from the Court. Per our meet-and-confer obligations, please let us know your availability for a phone call or videoconference meeting to discuss on March 20, 23, or 24.

**Theodore A.B. McCombs**
Deputy Attorney General
Natural Resources Law Section
California Department of Justice
600 West Broadway, Suite 1800
P.O. Box 85266
San Diego, CA 92186-5266
(619) 738-9003 (Office)
theodore.mccombs@doj.ca.gov