The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

STATE OF CALIFORNIA, et al.,

          *Plaintiffs,*

v.

U.S. DEPARTMENT OF TRANSPORTATION, et al.,

          *Defendants.*

Case No. 2:25-cv-2574-TL

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

NOTED FOR HEARING: April 21, 2026

DEFENDANTS' OPPOSITION TO
PLAINTIFFS MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND .....................................................................................................................2

STANDARD OF REVIEW.......................................................................................................4

ARGUMENT...........................................................................................................................7

I.      Defendants Have Already Produced the Complete Administrative Record......................7

      A.      Specific Records Sought by Plaintiffs Are Properly Omitted From the Administrative Record .....................................................................................7

      B.      Plaintiffs Cannot Overcome the Presumption of Regularity Based on Speculative Claims that Documents are Missing From the Administrative Record ...................................................................................................13

II.     Defendants Are Not Required to Provide a Privilege Log to Plaintiffs ..........................14

CONCLUSION......................................................................................................................15

DEFENDANTS' OPPOSITION TO
PLAINTIFFS MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

i

# TABLE OF AUTHORITIES

**Cases**

*Bay.org v. Zinke*,
  No. 1:17-cv-01176 LJO-EPG, 2018 WL 3965367 (E.D. Cal. Aug. 16, 2018) .........................5

*Blue Mountains Biodiversity Project v. Jeffries*,
  99 F.4th 438 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1048 (2025).................................*passim*

*Bruce v. Azar*,
  826 F. App'x 643 (9th Cir. 2020) ...................................................................................6

*Camp v. Pitts,*
  411 U.S. 138 (1973) ........................................................................................................6

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971),
  *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977)................................4

*Ctr. for Native Ecosystems v. Salazar*,
  711 F. Supp. 2d 1267 (D. Colo. 2010) ...........................................................................6

*Dist. Hosp. Partners, L.P. v. Sebelius*,
  971 F. Supp. 2d 15 (D.D.C. 2013) .................................................................................14

*FBME Bank Ltd. v. Lew*,
  209 F. Supp. 3d 299 (D.D.C. 2016) ...............................................................................15

*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) ........................................................................................................6

*Goffney v. Becerra*,
  995 F.3d 737 (9th Cir. 2021) .......................................................................................5, 8

*In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*,
  156 F.3d 1279 (D.C. Cir. 1998).................................................................................*passim*

*In re United States*,
  875 F.3d 1200 (9th Cir. 2017) ........................................................................................6

*Lands Council v. Powell*,
  395 F.3d 1019 (9th Cir. 2005) ........................................................................................4

*Marcum v. Salazar*,
  751 F. Supp. 2d 74 (D.D.C. 2010) ..............................................................................6, 14

*Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Hum. Servs.*,
  631 F. Supp. 2d 23 (D.D.C. 2009) ................................................................................15

DEFENDANTS' OPPOSITION TO
PLAINTIFFS MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

ii

*Oceana, Inc. v. Ross,*
   920 F.3d 855 (D.C. Cir. 2019).................................................................5, 14

*Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs,*
   448 F. Supp. 2d 1 (D.D.C. 2006)..........................................................5, 6, 14

*Pleasant Valley Hosp., Inc. v. Shalala,*
   32 F.3d 67 (4th Cir. 1994)............................................................................6

*Safari Club Int'l v. Jewell,*
   No. CV-16-00094-TUC-JGZ, 2016 WL 7785452 (D. Ariz. July 7, 2016)...............5

*San Luis & Delta-Mendota Water Auth. v. Jewell,*
   747 F.3d 581 (9th Cir. 2014) .......................................................................6

*Sara Lee Corp. v. Am. Bakers Ass'n,*
   252 F.R.D. 31 (D.D.C. 2008)...................................................................6, 14

*Save the Colo. v. U.S. Dep't of Interior,*
   517 F. Supp. 3d 890 (D. Ariz. 2021)..............................................................14

*Stand Up for California! v. U.S. Dep't of Interior,*
   71 F. Supp. 3d 109 (D.D.C. 2014) .................................................................15

*Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.,*
   100 F.3d 1443 (9th Cir. 1996) .......................................................................4

*Thompson v. DOL,*
   885 F.2d 551 (9th Cir. 1989) .........................................................................4

*TOMAC v. Norton,*
   193 F. Supp. 2d 182 (D.D.C. 2002) .................................................................5

*Washington v. U.S. Dep't of Transp.,*
   792 F. Supp. 3d 1147 (W.D. Wash. 2025) .........................................................2

**Statutes**

5 U.S.C. § 706...............................................................................................4

23 U.S.C. § 151.............................................................................................2

Infrastructure Investment and Jobs Act,
   Pub. L. No. 117-58, 135 Stat. 429 (2021) ...........................................................2

**Other Authorities**

Exec. Order 14154 ........................................................................................8

**INTRODUCTION**

Defendants voluntarily filed an administrative record on March 11, 2026 explaining the Department of Transportation's ("DOT") review process for unobligated grant selections, including the process for reviewing grant selections under the Charging and Fueling Infrastructure ("CFI") Discretionary Grant Program and the Electric Vehicle Charger Reliability and Accessibility Accelerator ("Accelerator") Program. Plaintiffs argue that this administrative record is incomplete and seek one with more details and documents they claim should have been considered for what Plaintiffs argue is a suspension of the CFI and Accelerator Programs.

But Defendants' administrative record is complete. The brevity of the record reflects the nature of the ongoing review process and the fact that Defendants have yet to take any final agency action. Moreover, documents identified by Plaintiffs were not considered by the agency decisionmakers, and many of them are protected by the deliberative process or are otherwise privileged. Under Ninth Circuit precedent, privileged documents need not be logged, much less included, in an administrative record. *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1048 (2025). In other instances, Plaintiffs' requests to complete the record are based on speculation that certain documents exist, that these speculative documents were considered, and that these documents were then not included in the record. But motions to complete a record cannot be founded on mere speculation. Thus, the Court should deny Plaintiffs' request to complete the administrative record.

Finally, the Court should not order Defendants to provide a privilege log to the Plaintiffs. Such requests for privilege logs are routinely denied, especially where, as here, most such documents are covered by deliberative process protections. *Id.* Deliberative materials are never part of the administrative record and need not be logged.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

1

## BACKGROUND

The CFI Discretionary Grant Program and the Accelerator Program are components of the Federal-aid highway program and were created by the Infrastructure Investment and Jobs Act ("IIJA"). *See* 23 U.S.C. § 151 (CFI Program); Pub. L. No. 117-58, 135 Stat. 429, 1425 (2021) (Accelerator Program).

The CFI program is a discretionary grant program with a statutory purpose to provide grants to deploy "publicly accessible electric vehicle charging infrastructure, hydrogen fueling infrastructure, propane fueling infrastructure, or natural gas fueling infrastructure." 23 U.S.C. § 151(f)(6)(A).

The infrastructure must be built along alternative fuel corridors or in certain other accessible locations. Because CFI is a discretionary grant program, eligible entities (such as state and local governments) compete for discretionary grant selections. This differs from the National Electric Vehicle Infrastructure ("NEVI") program, which is a formula program that guarantees funding to each state. *Washington v. U.S. Dep't of Transp.*, 792 F. Supp. 3d 1147, 1158 (W.D. Wash. 2025). The NEVI program does provide for a 10% set-aside for discretionary grants, part of which was used for the Accelerator Program. 135 Stat. at 1425.

The Biden administration made several selections under the CFI program, some of which proceeded to binding grant agreements. Other CFI selections had not yet reached a grant agreement by the beginning of the Trump administration or had an executed grant agreement that was only binding as to one phase of a multi-step project.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

2

The Trump administration inherited over 3000 existing DOT grant selections that had been announced but had not been obligated.  Additionally, numerous DOT grants with executed grant agreements were only partially obligated.  This means that the grants have structures such as multi-stage projects in which funds are obligated at multiple points during the project, and not all these obligation points had been reached.  These grants and unobligated grant selections included selections made pursuant to the CFI and Accelerator programs.  Administrative Record ("AR") at 0002, Dkt. # 51-1.

DOT initiated an internal review of fully or partially unobligated grant selections, including the selections identified in Plaintiffs' complaints.  AR 0003.  As part of this review process, a committee consisting of DOT employees met regularly to review unobligated, pre-agreement grant selections for consistency with the statutes governing the relevant grant programs and for overall consistency with the Administration's policy priorities.  *Id.*  This review process ultimately led to the approval of numerous unobligated grant selections that moved forward to executed grant agreements.  *Id.* at 0004.

The review committee has no more scheduled meetings but the review process remains ongoing, as DOT has not yet reached final decisions with respect to some of the unobligated grant selections.  *Id.* at 0005.  As of now, no unobligated grant selections for the CFI or Accelerator programs have completed the grant review process; nor have any unobligated grant selections for the CFI or Accelerator programs been withdrawn as part of DOT's broad review. *Id.*

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

3

Plaintiffs filed their complaints on December 16, 2025 alleging APA and constitutional violations based on an alleged suspension of the CFI and Accelerator Programs. *See* Dkt. # 1; *Climate Sols. v. U.S. Dep't of Transp.*, No. 25-cv-2578 (W.D. Wash. Dec. 16, 2025), Dkt. # 1[1] Despite disputing that a final agency action has occurred here, Defendants voluntarily agreed to produce an administrative record to facilitate efficient resolution of this matter.  On March 11, 2026, Defendants produced the AR.  Dkt. # 51-1.  The AR includes a declaration from Maria Lefevre (the "Lefevre Decl.") explaining the review process that is being conducted by Defendants, as discussed above.  Lefevre Decl., AR 0001-0006.  Plaintiffs filed this motion to complete the AR on March 31, 2026.  Dkt. # 54 ("Pls. Mot.").

### STANDARD OF REVIEW

In the Administrative Procedure Act ("APA"), Congress directs that courts evaluate agency action upon "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Thus, judicial review in an APA case is based upon the "full administrative record that was before [the agency] at the time [it] made [its] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977); *see also Lands Council v. Powell*, 395 F.3d 1019, 1029-30 (9th Cir. 2005) ("We have previously stated that '[j]udicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court.'") (alteration in original) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).

The administrative record "consists of all documents and materials directly or *indirectly* considered by agency decision-makers."  *Thompson v. DOL*, 885 F.2d 551, 555 (9th Cir. 1989)

---

[1] The *Climate Solutions* case was consolidated with this matter on February 11, 2026.  Dkt. # 48.

| | |
|---|---|
| DEFENDANTS' OPPOSITION TO | U.S. Department of Justice |
| PLAINTIFFS' MOTION TO COMPLETE | Civil Division, Federal Programs Branch |
| THE ADMINISTRATIVE RECORD | 1100 L Street, N.W. |
| CASE NO. 2:25-cv-2574-TL | Washington, D.C. 2005 |
| 4 | 202-514-6304 |

(citation omitted).  It does not, however, include "every scrap of paper that could or might have been created." *Bay.org v. Zinke*, No. 1:17-cv-01176 LJO-EPG, 2018 WL 3965367, at *3 (E.D. Cal. Aug. 16, 2018) (quoting *TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002)); *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (explaining that the "whole record" includes "all documents and materials that the agency directly or indirectly considered and nothing more nor less." (citation modified)).  An agency's mere possession of a document potentially relevant to a party's argument does not warrant its inclusion in the administrative record if it was not considered by the agency in the administrative proceeding under review.  *See, e.g.*, *Pac. Shores*, 448 F. Supp. 2d at 7 (agency "is not obligated to include every potentially relevant document existing within [the] agency"); *Safari Club Int'l v. Jewell*, No. CV-16-00094-TUC-JGZ, 2016 WL 7785452, at *2 (D. Ariz. July 7, 2016) (cautioning "against permitting the admission of any relevant document contained in the agency's filing cabinet" as doing so "fails to give appropriate deference to the agency's designation of the record." (citation omitted)).

On arbitrary and capricious review, absent a showing of bad faith or improper behavior, "[a]gency deliberations not part of the record are deemed immaterial." *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998); *see also Blue Mountains*, 99 F.4th at 444 ("deliberative materials are generally not part of the [administrative record] absent impropriety or bad faith by the agency." (citing *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019))).

"[L]ike other official agency actions, an agency's statement of what is in the record is subject to a presumption of regularity." *Blue Mountains*, 99 F.4th at 445 (alteration in original) (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)).  "The administrative record is

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

5

presumed to be complete," and a party seeking to rebut this presumption must "present 'clear evidence to the contrary.'" *Bruce v. Azar*, 826 F. App'x 643, 645 (9th Cir. 2020) (quoting *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017)).

The focal point of judicial review under the APA is the administrative record already in existence and not a new record made by the reviewing court. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (citing *Camp v. Pitts,* 411 U.S. 138, 142 (1973) (per curiam)); *accord San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014) (citing *Camp*, 411 U.S. at 142). It is inappropriate for courts reviewing agency decisions to consider information not before the administrative agency. *Pleasant Valley Hosp., Inc. v. Shalala,* 32 F.3d 67, 70 (4th Cir. 1994).

A party may seek to "complete" the administrative record by including materials "which were actually considered by the agency, yet omitted from the administrative record." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1274 (D. Colo. 2010). Completing the administrative record is appropriate if the agency "did not include materials that were part of its record, whether by design or accident[.]" *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010). But to overcome the presumption of regularity, "a plaintiff must put forth concrete evidence that the documents it seeks to 'add' to the record were actually before the decisionmakers." *Id.* (quoting *Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008)). To make that showing, a plaintiff must do more than simply assert "that materials were relevant or were before an agency when it made its decision." *Id.* "Instead, the plaintiff 'must identify reasonable, *non-speculative grounds* for its belief that the documents were *considered* by the agency and not included in the record.'" *Id.* (quoting *Pac. Shores*, 448 F. Supp. 2d at 6).

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

6

**ARGUMENT**

As a threshold matter, Defendants dispute that any final agency action has occurred here and thus no AR is required. Absent final agency action, there can be no AR reflecting the basis for a decision subject to APA review—because no such reviewable decision even exists.

Defendants are engaged in a grant review process but have made no final decisions on unobligated CFI or Accelerator Program grant selections.[2] Thus, no final agency action exists here. However, Defendants voluntarily agreed to produce an AR to expedite resolution of this matter. Defendants continue to preserve all threshold arguments.

## I.    Defendants Have Already Produced the Complete Administrative Record

Plaintiffs claim that the AR is missing documents addressing the alleged suspension of the CFI and Accelerator Programs or that "set[] out the scope" of DOT's review of unobligated Accelerator and CFI grant selections. Pls. Mot. at 8-13. But the administrative record produced by Defendants is complete, and the documents requested by Plaintiffs were either not considered by the decision maker or are privileged. Plaintiffs' request to have the Department "complete" the administrative record should be denied.

### A.    Specific Records Sought by Plaintiffs Are Properly Omitted From the Administrative Record

In a proposed order, Plaintiffs list a variety of documents and categories of documents sought. Dkt. # 54-1 ("Prop. Order"). None are necessary for completion of the record and no grounds are presented that can overcome the "presumption of regularity" granted to Defendants.

---

[2] Plaintiffs' claim, citing the Lefevre Declaration, that Defendants "admit that obligation requests, contracting processes, and funding opportunities under the CFI and Accelerator programs have been suspended." Pls. Mot. at 9. But the Lefevre Declaration says nothing of the sort. Rather, the declaration explains that DOT has not taken final agency action on unobligated CFI and Accelerator Program grant selections and proceeds to explain DOT's review process. AR 0001-0006.

*Blue Mountains*, 99 F.4th at 445 (quoting *Goffney*, 995 F.3d at 748). Defendants will discuss each document or category of document in turn.

1) Executive Order 14154, Unleashing American Energy (Prop. Order ¶ (2)(a)(1.)).

Response: Plaintiffs state that Section 7(a) of EO 14154 directed that "all federal agencies 'shall immediately pause' the disbursement of funds under the IIJA." Pls. Mot. at 2. But that is immaterial, because Defendants' ongoing review of unobligated grant selections is not a "pause" directed by EO 14154. Instead, DOT is reviewing unobligated grant selections for consistency with the statutes governing the relevant grant programs and for overall consistency with the Administration's policy priorities, and it has advanced numerous unobligated grant selections to next steps through the review process. Second Decl. of Maria Lefevre ("Second Lefevre Decl.") ¶ 4; AR 0003, AR 0017-0084. Thus, EO 14154 was not part of the decision-making process relevant here, and neither were other documents related to this Executive Order. *See* Second Lefevre Decl. ¶ 4; Prop. Order ¶ (2)(a)(5.)(i.).

2) OMB Memorandum M-25-11 (Prop. Order ¶ (2)(a)(2.)).

Response: This memorandum played no part in Defendants' decision-making process because it detailed implementation of the "pause" described in EO 14154. Second Lefevre Decl. ¶ 5. As explained above, DOT's review of unobligated grant selections was not a "pause" as described in the EO. Thus, the memorandum is not included in the AR. Similarly, any other documents related to this memorandum are not relevant as they were not part of the decision-making process. *See* Prop. Order ¶ (2)(a)(5.)(i.).

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

8

3)  U.S. Department of Transportation (USDOT) Office of the Assistant Secretary of Transportation Policy (OST-P)'s January 29, 2025; memorandum "Implementation of Executive Orders Addressing Energy, Climate Change, Diversity, and Gender" (Prop. Order ¶ (2)(a)(3.)).

Response: This memorandum played no part in Defendants' decision-making process. Thus, the memorandum is not included in the AR.  Similarly, any other documents related to this memorandum are not relevant as they were not part of the decision-making process.  *See* Prop. Order ¶ (2)(a)(5.)(i.).  This memorandum laid out initial steps for implementing multiple Executive Orders in the first month of the Administration.  But it did not govern DOT's unobligated grant selection review process, and Plaintiffs do not contend otherwise.  Second Lefevre Decl. ¶ 6.

4)  OST-P memorandum issued on or about March 11, 2025 (Prop. Order ¶ (2)(a)(4.)).

Response: This unpublished version of a non-public DOT memo directs DOT employees to begin a review process for various unobligated grant selections  It includes instructions for identifying DOT programs that may include elements contrary to the current Administration's policy priorities, internal review of projects, and modifications to projects. This is predecisional information because the memorandum provides internal guidance on a process that would conclude with DOT leadership ultimately deciding what final action, if any, the agency would take.  Thus, it is protected under the deliberative process privilege, does not qualify for inclusion in the administrative record and is deemed "immaterial."  *In re Subpoena Duces Tecum*, 156 F.3d at 1279.  Similarly, any other documents related to this memorandum are also covered by the deliberative process privilege.  *See* Prop. Order ¶ (2)(a)(5.)(i.).

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

9

5) Any other instructions, directives, memoranda, or guidance from the White House, OMB, USDOT, OST-P, or Federal Highway Administration (FHWA)'s headquarters that suspend CFI and Accelerator programs, or communications thereof, including those that address: (ii) review of CFI and Accelerator award selections; (iii) review of the CFI and Accelerator programs; (iv) the relationship between the review of the CFI and Accelerator award selections and the "hold" or "pause" of the programs described in FHWA division offices' communications to awardees; and (v) decisions, instructions, or directives to USDOT or FHWA staff on how to communicate the status of the CFI and Accelerator programs and grants to applicants and awardees. *See* Prop. Order ¶ (2)(a)(5.).

Response: Any such documents in this category are covered by the deliberative process privilege because they provide pre-decisional guidance to DOT employees conducting the review process for various unobligated grant selections or communicating with applicants and awardees while the review process is ongoing. As such, these materials do not qualify for inclusion in the administrative record and are deemed "immaterial." *In re Subpoena Duces Tecum*, 156 F.3d at 1279.

6) Any FHWA communications included in the Complaints that are between FHWA and CFI and Accelerator applicants and awardees implementing or communicating the "hold" or "pause" of CFI and Accelerator awards, agreements or amendments, obligation requests, and funding opportunities (Prop. Order ¶ (2)(a)(6.)).

Response: DOT is willing to produce or stipulate to the authenticity of communications attached to plaintiffs' declarations (Dkt. #'s 55, 56) even though such communications did not form part of the decision-making process and thus were not included in the AR. Any other communications between FHWA and applicants or awardees will not be produced as DOT did not rely upon these communications in undertaking the claimed agency action, and thus such materials were properly excluded from the AR.

These communications were routine, non-substantive correspondence between FHWA employees and applicants or awardees about the status of unobligated grant selections. The documents lacked any information that influenced the committee's deliberations or DOT

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

10

leadership's decisions on moving various unobligated grant selections to final agreements. Rather, these communications merely updated awardees and applicants on the status of DOT's review of unobligated grant selections and thus were not relevant to any alleged agency action.

7) Documents implementing the review process described in the Lefevre Declaration, including:
   a. Documents establishing the committee of USDOT employees that "met regularly" to review grant selections and establishing the committee's membership. Prop. Order ¶ (2)(b)(1.).

Response: Any such documents are limited to calendar invitations and internal emails discussing the committee's work. Such documents are either not relevant to any alleged agency action (such as non-substantive calendar invites) or are protected by the deliberative process because they include materials like instructions for evaluating unobligated grant selections, updates on the status of the ongoing review, or information about next steps DOT was considering for unobligated grant selections after review. As such, the documents are deliberative pre-decisional materials and thus deemed "immaterial." *In re Subpoena Duces Tecum*, 156 F.3d at 1279.

   b. Documents establishing the scope of the committee's review and its criteria for judging "consistency with governing statutes" and "overall consistency with the Administration's policy priorities." Prop. Order ¶ (2)(b)(2.).

Response: Documents related to this topic include the March 2025 memo (*see* above), an updated memo from June 2025, which primarily outlined committee workflow processes, internal emails discussing the committee's work, lists of unobligated grant selections for review and calendar invitations. These materials are protected under the deliberative process privilege as they are pre-decisional documents guiding the committee's review of the unobligated grant selections. They are thus deemed "immaterial." *In re Subpoena Duces Tecum*, 156 F.3d at 1279.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

11

c.   Documents directives and guidance concerning the "identif[ication]" and "remov[al]" of "extraneous grant requirements" from agreements (Prop. Order ¶ (2)(b)(3.)).

Response: Documents related to this topic include the March 2025 memo (*see* above), an updated memo from June 2025, which primarily outlined committee workflow processes, internal emails discussing the committee's work, lists of unobligated grant selections for review, lists of unobligated grant selections reflecting committee recommendations for future action, and calendar invitations. These materials are protected under the deliberative process privilege as they are pre-decisional documents guiding the committee's review of the unobligated grant selections. They are thus deemed "immaterial." *In re Subpoena Duces Tecum*, 156 F.3d at 1279.

d.   Minutes recording the committee's decisions (Prop. Order ¶ (2)(b)(4.)):

Response: Based on a reasonable search, no such documents exist. Any recommendations by the committee were memorialized informally in spreadsheets or emails. These documents are privileged under the deliberative process privilege because the committee's meetings did not reflect a final agency action. The documents generated are used by senior leadership to deliberate on DOT's actions on unobligated grant selections.

e.   Any lists or tables generated by the committee of the grants or grant requests subject to committee review (Prop. Order ¶ (2)(b)(5.)).

Response: Such documents are privileged under the deliberative process privilege because the committee's deliberations did not reflect a final agency action. Any documents generated there are used by senior leadership to further deliberate on DOT's actions on unobligated grant selections. Thus, such documents are deemed "immaterial." *In re Subpoena Duces Tecum*, 156 F.3d at 1279.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

12

f.  Documents identifying when and how the committee was concluded (Prop. Order ¶ (2)(b)(6.)).

Response:  Any such documents are limited to informal communications such as emails discussing the committee's deliberations.  These pre-decisional documents are protected by the deliberative process privilege because they reflect the committee's input on the path forward for various unobligated grant selections prior to senior departmental leadership's deliberations about DOT's actions on unobligated grant selections.  Thus, such documents are deemed "immaterial."  *In re Subpoena Duces Tecum*, 156 F.3d at 1279.

g.  Documents identifying who or what body is continuing the review process, and the directives or guidance by which this body is continuing its work. (Prop. Order ¶ (2.)(b)(7.)).

Response:  Any such documents are protected by the deliberative process privilege because they reflect senior departmental leadership's past and ongoing deliberations about DOT's actions on unobligated grant selections.  Thus, such documents are deemed "immaterial." *In re Subpoena Duces Tecum*, 156 F.3d at 1279.

**B.  Plaintiffs Cannot Overcome the Presumption of Regularity Based on Speculative Claims that Documents are Missing From the Administrative Record**

An agency's administrative record is subject to "a presumption of regularity." *Blue Mountains*, 99 F.4th at 445 (citation omitted).  Plaintiffs cannot overcome that presumption here. Beyond the documents described in the proposed order, which in any event are largely non-producible for the reasons discussed above, Plaintiffs have failed to identify non-speculative grounds on which any additional documents are missing from the record.  For instance, Plaintiffs argue that "[g]rant reviews like the one described in the Lefevre Declaration simply do not happen without such materials creating and guiding them[,]" Pls. Mot. at 12, and that "it is impossible that the review described by the Lefevre Declaration could occur without direction

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

from a memorandum, guidance document, or other record, yet no such materials were included in the AR." *Id.* Of course, as discussed above in Section I.A., some documents, such as the leaked internal DOT memorandum from March 2025, which Plaintiffs claim "sets out the scope and criteria for a review" of unobligated grant selections, *id.*, are not part of the administrative record because they are pre-decisional and thus protected by the deliberative process privilege.

Plaintiffs point to no "concrete evidence" that any other types of documents beyond the categories specified exist or were before the decisionmakers. *Marcum*, 751 F. Supp. 2d at 78. Plaintiffs must "identify reasonable, *non-speculative grounds* for [their] belief that the documents were considered by the agency and not included in the record." *Sara Lee Corp.*, 252 F.R.D. at 34 (emphasis added) (quoting *Pac. Shores*, 448 F. Supp. 2d at 6). Plaintiffs have failed to do so here and thus cannot overcome the presumption of regularity enjoyed by Defendants.

## II.    Defendants Are Not Required to Provide a Privilege Log to Plaintiffs

Plaintiffs seek a privilege log from Defendants for the exclusion of any documents based on the assertion of a protected privilege. Prop. Order ¶ (3). Such a request is improper as no basis exists to demand such a log in this AR review case. "Because deliberative materials are 'not part of the administrative record to begin with,' they are 'not required to be placed on a privilege log.'" *Blue Mountains*, 99 F.4th at 445 (quoting *Oceana*, 920 F.3d at 865); *see also Save the Colo. v. U.S. Dep't of Interior*, 517 F. Supp. 3d 890, 901 (D. Ariz. 2021) ("[D]eliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." (alteration in original) (quoting *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 32 (D.D.C. 2013))).

Nor is any privilege log required for the assertion of other potential privilege assertions, such as the attorney-client privilege. Requests for privilege logs for documents

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

14

omitted from an AR "on grounds of privilege or deliberative process are routinely denied." *Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) (listing cases); *see also FBME Bank Ltd. v. Lew*, 209 F. Supp. 3d 299, 317 (D.D.C. 2016) ("the general rule is that when 'documents are not part of the administrative record'—having been omitted on privilege grounds—'an agency that withholds these privileged documents is not required to produce a privilege log to describe the documents that have been withheld.'") (quoting *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Hum. Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009)).

**CONCLUSION**

For the reasons stated above, the Court should deny Plaintiffs Motion to Complete the Administrative Record.

Certificate of Compliance: I certify that this memorandum contains 4,190 words, in compliance with the Local Civil Rules.

Dated: April 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Joshua N. Schopf*
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-6304
Email: joshua.n.schopf@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD
CASE NO. 2:25-cv-2574-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 2005
202-514-6304

15