The Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF CALIFORNIA et al., | NO.  2:25-cv-02574-TL |
| Plaintiffs, | PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION et al., | NOTED FOR HEARING:  April 21, 2026 |
| Defendants. | |

### I.      INTRODUCTION

There is no dispute that Defendants have halted all grant agreements and obligation activity under congressionally mandated EV charging infrastructure programs pending a purported internal review, just as they did in the NEVI case, *Washington v. U.S. Department of Transportation*.[1] No. 2:25-cv-848-TL, 2026 WL 183584 (W.D. Wash. Jan. 23, 2026). Once again, Defendants attempt to insulate their decision to "hold" obligations during an indefinite review from judicial scrutiny. This time, Defendants claim the materials directing and implementing their funding freeze are "deliberations" in a comprehensive review of individual USDOT grants and therefore cannot be included in the administrative record (AR). But this argument assumes that Plaintiffs are challenging the results of Defendants' grant reviews. In fact, Plaintiffs seek materials by which the agency rendered, implemented, and communicated the freeze during an indefinite review. *Those* are the materials relevant to the challenged decision. Plaintiffs have also adequately identified the documents that they seek and rebutted

---

[1] All acronyms bear the same meaning as in Plaintiffs' Motion, ECF No. 54.

1

any presumption of regularity with concrete evidence that the documents were in the agency's possession and at least indirectly considered. Because Defendants "fail[ed] to submit the 'whole record,'" the motion to complete should be granted. *Ctr. for Env't Health v. Perdu*e, No. 18-cv-01763-RS, 2019 WL 3852493, at *2 (N.D. Cal. May 6, 2019) (quoting 5 U.S.C. § 706).

## II.    ARGUMENT

### A.    Materials Directing the Challenged Freeze Are Not Deliberative

#### 1.    Plaintiffs challenge the CFI/Accelerator suspensions and seek materials relevant to *that* decision

Defendants claim that the materials identified in Plaintiffs' motion are "deliberative" because of the apparently still-ongoing reviews of USDOT grants, but this misreads Plaintiffs' claims. *See* Opp. at 9-13. Plaintiffs are not challenging Defendants' future decision on any specific award; rather, they challenge the categorical "pause" on all CFI and Accelerator awards. Collins Dec., ECF No. 55, ¶¶4, 13, 20; Manjur Dec., ECF No. 56, ¶11; *see* Compl., ECF No.1, ¶¶59, 87; NGO Compl. ¶¶3, 46-54. Defendants may not shield this funding freeze from judicial scrutiny by recharacterizing Plaintiffs' claims as a challenge to their "reviews."

Many courts, including this one, have held that funding freezes pending ongoing "reviews" constitute agency actions distinct from the future conclusion of those reviews. In *New York v. Trump*, for example, the Federal Emergency Management Agency's "manual review" of disbursements was a funding freeze that violated the court's preliminary injunction. *New York v. Trump*, 777 F. Supp. 3d 112 (D.R.I. 2025), *aff'd*, 171 F.4th 1, No. 25-1236, 2026 WL 734941 (1st Cir. Mar. 16, 2026); *see also New York v. Trump*, 769 F. Supp. 3d 119, 135-137 (D.R.I. 2025) (freeze of all federal funding pending review for consistency with administration priorities was final agency action). In *Washington v. USDOT*, this Court rejected Defendants' attempt to obscure the NEVI freeze behind an FHWA review of the NEVI guidance document. 792 F. Supp. 3d 1147, 1177 (W.D. Wash. 2025). Neither FHWA's

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

"ultimate administrative position with respect to" the NEVI guidance nor "the agency's present and ongoing review" of that document was at issue; rather, the "complained-of conduct" was the "categorical withholding of . . . funds." *See also Woonasquatucket River Watershed Council v. U.S. Dep't of Agric.*, 778 F. Supp. 3d 440, 467-68 (D.R.I. 2025); *Nat'l Council of Nonprofits v. OMB*, 775 F. Supp. 3d 100, 123-24 (D.D.C. 2025). Funding freezes may be final action even where future hypothetical agency action—such as the conclusion of a policy review, *see* Opp. at 3—could lift the freeze. *Washington*, 792 F. Supp. 3d at 1177-78; *see Nat'l Env't Dev. Assoc.'s Clean Air Project v. EPA*, 752 F.3d 999, 1006-07 (D.C. Cir. 2014) ("An agency action may be final even if the agency's position is 'subject to change' in the future."); *Louisiana v. Biden*, 622 F. Supp. 3d 267, 291-92 (W.D. La. 2022).

The existence of the freeze itself is clear, and Defendants concede the authenticity of communications from FHWA Division Offices describing the CFI and Accelerator programs as "on hold" and "on pause," pending an "administrative review" at the direction of FHWA Headquarters. Opp. at 10; *see, e.g.*, Collins. Decl. ¶¶4, 13, 20; Manjur Decl. ¶11. Nor do Defendants dispute the effect of these communications is a freeze. *See* Mot. at 5-6. Thus, Defendants must include in the AR all materials directing and implementing the suspension of CFI/Accelerator obligations, which is the conduct actually challenged, even if those materials appear in documents relating to USDOT grant reviews.

**2.      Materials directing the CFI/Accelerator suspensions are not deliberative**

While deliberative materials are not usually part of an AR, the disputed materials are decisional, not deliberative. The principle that deliberative materials are usually excluded from an AR because they are "ordinarily not relevant" to APA review was stated in *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024), and is closely related to the deliberative process privilege, a qualified discovery privilege that should be "strictly confined within the narrowest possible limits consistent with the logic of its principles," *North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

3

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

The materials identified by Plaintiffs are decisional and operational as to the funding *suspensions*, whether or not they would be deliberative with regard to internal grant reviews. *Blue Mountains* concerned documents "prepared to aid the decision-maker in arriving at a decision," not documents directing and implementing the challenged agency action, which are what Plaintiffs seek here. 99 F.4th at 445; *see also In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279 (D.C. Cir. 1998) (deliberations are usually excluded because "the actual subjective motivation of agency decisionmakers is immaterial").

The March Guidance Memo identified in Plaintiffs' complaints and Motion—and, presumably, the June 2025 "updated" version of that memo first revealed in Defendants' Opposition at 11—is a case in point. The March Guidance Memo prevents USDOT from awarding or obligating funds pending a review of certain grant selections related to climate change, EVs, and EV charging infrastructure, while the review itself is structured in a way that places CFI/Accelerator awards in an indefinite limbo. ECF 1-5, at 2; Mot. at 3. If, as it appears, the March Guidance Memo (or its June 2025 update) directed the indefinite suspension of all CFI and Accelerator funds, it is decisional for present purposes, regardless of its import to a hypothetical future challenge to the final outcomes of USDOT's grant reviews. And significantly, the March Guidance Memo states that it was "provid[ed]" to all secretarial offices and operating administrations under USDOT. ECF 1-5, at 1. Such a fully formed policy blast to all subdepartments is hardly the kind of internal data or analysis considered "deliberative." *See, e.g.*, *Center for Biological Diversity v. Burgum*, Case No. 2:24-cv-05459, ECF No. 114, at 10 (C.D. Cal. March 12, 2026).

**B.    Materials Directing the Challenged Freeze May Not Be Excluded as Irrelevant**

The Court should order Defendants to include the *Unleashing* Executive Order and implementing memoranda in the AR because Defendants' claims that they did not consider these materials are not credible. Opp. at 8-9; *see* Mot. at 2-3.

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

4

An AR must include "all documents . . . directly *or indirectly* considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original). Even documents that "may not have literally passed before the eyes of the decision-makers" may have been "indirectly considered." *Oregon Wild v. Warnack*, No. 6:24-cv-949, 2025 WL 1806613, at *2 (D. Or. July 1, 2025); *Familias Unidas por la Justicia, AFL-CIO v. U.S. Dep't of Labor*, No. 2:24-cv-637, 2026 WL 472794, at *2-3 (W.D. Wash. Feb. 19, 2026) (letter sent to agency decisionmakers was sufficiently "indirectly considered" to warrant inclusion).

First, Defendants' declarant's statement that employees conducting the ongoing grant review "have not relied on" the *Unleashing* Executive Order and implementing memoranda fails to establish that Defendants did not *consider* those documents in directing the freeze or review. ECF No. 60 ¶4. Second, the suspensions described in Plaintiffs' Complaint—which Defendants do not dispute—carry out the precise "pause" of CFI and NEVI funds directed in the *Unleashing* Executive Order. Section 7 of that order singles out CFI and NEVI (which includes the Accelerator program) by name, directing agencies to freeze funds under these programs while reviewing grants for consistency with the administration's priorities. Compl. ¶¶70-73, NGO Compl. ¶¶36-40. The January OMB and USDOT memoranda provide guidance in implementing this directive. Compl. ¶¶74-84; NGO Compl. ¶¶41, 43-44. And the *Unleashing* Executive Order and USDOT implementing memo are specifically cited in the March Guidance Memo. ECF 1-5. It beggars belief that these instructions were not even *indirectly* considered in instituting the precise pause they direct. And it contradicts Defendants' own statements. Manjur Dec. ¶¶13-14, 16-17; Collins Decl. ¶¶20-22. Therefore, the Court should order Defendants to add these items to the AR.

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

5

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

**C.      Plaintiffs Identify Specific Materials and Non-Speculative Grounds that these Materials Were Considered**

Plaintiffs have rebutted any "presumption of regularity," *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021), by identifying reasonable, non-speculative grounds for belief that specific materials were improperly excluded from the AR, *Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1239 (E.D. Cal. 2013). Plaintiffs have adequately identified the materials that they seek, including the *Unleashing* Executive Order, the March Guidance Memo (and its June 2025 update), and other existing materials rendering and implementing the policy to freeze CFI/Accelerator funding, including documents implementing a USDOT review. It is not speculative to infer that agency actions do not occur without the necessary materials to direct and implement them. *Illinois v. Vought*, Case No. 26-CV-1566, Docket No. 63, at 2-4 (N.D. Ill. Mar. 12, 2026) (plaintiffs had made a circumstantial case for existence of "an agency directive that guided HHS"); *see also Doe I v. U.S. Dep't of Homeland Sec.*, No. 20-cv-07517, 2021 WL 3402311, at *3 (N.D. Cal. Aug. 4, 2021) ("[I]t is reasonable, and non-speculative, for Plaintiffs to believe that there are documents in the record that shed light on why Defendants reversed their three-year-old decision on" immigration petition.). And Defendants themselves claim their review of unobligated grant selections is, in part, to determine overall consistency with the Administration's policy priorities, Opp. at 8, as specifically directed by the *Unleashing* Executive Order and implementing memoranda. Requiring Plaintiffs to do more would only reward Defendants for their lack of transparency.

**D.      The Court May Require Production of a Privilege Log**

This Court may order Defendants to produce a privilege log, for two reasons.

First, *Blue Mountains* did not prohibit, but rather left for further development, the "precise circumstances under which a district court can order the production of a privilege log" to "aid in [the] analysis" of "whether materials are in fact deliberative" and therefore properly excluded from an AR. 99 F.4th at 445. Thus, for instance, in *Center for Biological Diversity v.*

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

6

*U.S. Forest Service*, the court ordered a privilege log where the plaintiff contended that fourteen documents had been "improperly classified as deliberative." No. 6:24-cv-00930, 2026 WL 893291 (D. Or. Mar. 31, 2026). To the extent this Court wishes to further consider whether the disputed documents may be deliberative, Defendants should produce a privilege log to aid in that process.[2]

Second, to the extent that Defendants may withhold relevant decisional documents that otherwise belong in an AR, a privilege log is appropriate. *See* Opp. at 13-14. In *Thrive Hood River v. Loftsgaarden*, the court held that "documents that otherwise *would* be in the administrative record [but that] are withheld on [attorney-client] privilege grounds" are "distinguishable from the documents described in [*Blue Mountains*]" and must "either be placed in the administrative record or in a privilege log." No. 3:22-cv-1981, 2025 WL 689496 (D. Or. 2025); *see also Gill v. Dep't of Justice*, No. 14-cv-3120, 2015 WL 9258075, *6-7 (N.D. Cal. Dec. 18, 2015).

### III.    CONCLUSION

Plaintiffs filed this action only after it became clear that the CFI and Accelerator programs were indefinitely suspended and it would be impossible to move forward with their announced awards absent court intervention. After months of unsuccessfully conferring with Defendants on the AR, Plaintiffs were forced to seek relief from the Court. Defendants' freeze is now entering its second year of thwarting congressional intent and impairing the success of States' infrastructure programs, with a September 30, 2026, deadline for Defendants to obligate FY2023 funds looming. The Court should grant Plaintiffs' motion to complete the record.

---

[2] Given Defendants' repeated attempts to hide funding freezes behind internal reviews, it may be particularly helpful to this Court to order a privilege log to assess the scope of withheld materials.

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

7

Certificate of Compliance: I certify that this memorandum contains 2100 words, in compliance with the Local Civil Rules.

Dated: April 21, 2026

Respectfully submitted,

**ROB BONTA**
Attorney General for the State of California

By: /s/ *Natalie Collins*
NATALIE COLLINS, Cal. SBN 338348*
Deputy Attorney General
ROBERT SWANSON, Cal. SBN 295159*
Supervising Deputy Attorney General
THEODORE A. MCCOMBS, Cal. SBN 316243*
ELIZABETH JONES, Cal. SBN 326118*
Deputy Attorneys General
(619) 738-9140
natalie.collins@doj.ca.gov
robert.swanson@doj.ca.gov
theodore.mccombs@doj.ca.gov
elizabeth.jones@doj.ca.gov

*Attorneys for the State of California*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: s/ *Sarah H. Weiss*
CARRIE NOTEBOOM, CBA #52910*
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for the State of Colorado*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: s/ *Leah Brown*
LEAH A. BROWN, WSBA #45803
CAITLIN M. SODEN, WSBA #55457
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
(206) 464-7744
leah.brown@atg.wa.gov
caitlin.soden@atg.wa.gov

*Attorneys for the State of Washington*

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

8

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: */s/ Lauren Watford*
LAUREN WATFORD, SBA #037346*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Lauren.Watford@azag.gov

*Attorneys for the State of Arizona*

**BRIAN L. SCHWALB**
Attorney General of the District of Columbia

By: */s/ Lauren Cullum*
LAUREN CULLUM*
Special Assistant Attorney General
Office of the Attorney General
for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
lauren.cullum@dc.gov

*Attorneys for the District of Columbia*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: */s/ Vanessa L. Kassab*
IAN R. LISTON, DSBA #5507*
Director of Impact Litigation
RALPH K. DURSTEIN III, DSBA #0912*
VANESSA L. KASSAB, DSBA #5612*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*

**KWAME RAOUL**
Attorney General of the State of Illinois

By: */s/ Katharine Roller*
KATHARINE ROLLER*
Complex Litigation Counsel
R. HENRY WEAVER*
Assistant Attorney General
Office of the Illinois Attorney General
115 LaSalle Street
Chicago, IL 60603
(773) 519-1842
katharine.roller@ilag.gov

*Attorneys for the State of Illinois*

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

9

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: /s/ Steven J. Goldstein
STEVEN J. GOLDSTEIN, MSBA
#1612130206*
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General for the Commonwealth of Massachusetts

By: /s/ Vanessa A. Arslanian
VANESSA A. ARSLANIAN**
State Trial Counsel
JULIA JONAS-DAY*
Assistant Attorney General
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

**DANA NESSEL**
Attorney General of the State of Michigan

By: /s/ Daniel Ping
DANIEL PING*
NEIL GIOVANATTI*
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
PingD@michigan.gov
GiovanattiN@michigan.gov

*Attorneys for the State of Michigan*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: /s/Nell Hryshko
NELL HRYSHKO*
Deputy Attorney General
Division of Law
25 Market St., P.O. Box 093
Trenton, NJ 08625
Telephone: (609) 376-2740
nell.hryshko@law.njoag.gov

*Attorneys for the State of New Jersey*

**LETITIA JAMES**
Attorney General of the State of New York

By: /s/ Kyle Burns
KYLE BURNS, NY Atty. Reg. #5589940*
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
(212) 416-8451
Kyle.Burns@ag.ny.gov

*Attorneys for the State of New York*

**DAN RAYFIELD**
Attorney General of the State of Oregon

By: /s/ Patrick Rowe
PATRICK ROWE, OSB #072122*
Senior Assistant Attorney General
100 SW Market Street
Portland, Oregon 97201
(971) 600-8959
Patrick.G.Rowe@doj.oregon.gov

*Attorneys for the State of Oregon*

PLAINTIFFS' REPLY IN SUPPORT OF JOINT
MOTION TO COMPLETE THE
ADMINISTRATIVE RECORD – No 2:25-cv-
02574-TL

10

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

**JENNIFER C. SELBER**
General Counsel

By: /s/ *Jacob B. Boyer*
JACOB B. BOYER*
Deputy General Counsel
Office of General Counsel
30 North Street, Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov

*Attorneys for Governor Josh Shapiro of Pennsylvania*

**CHARITY R. CLARK**
Attorney General of the State of Vermont

By: /s/ *Jonathan T. Rose*
JONATHAN T. ROSE*
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov

*Attorneys for the State of Vermont*

**PETER F. NERONHA**
Attorney General of the State of Rhode Island

/s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ, RIBA # 9501*
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Attorneys for State of Rhode Island*

**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT,
Wis. State Bar #1050435*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-9226
frances.colbert@wisdoj.gov

*Attorneys for the State of Wisconsin*

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

11

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

s/ Jan E. Hasselman
s/ Marvin Brown IV

JAN E. HASSELMAN, WSBA #29017
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
Tel: (206) 343-7340
jhasselman@earthjustice.org

MARVIN C. BROWN IV*
Earthjustice
1001 G St., NW, Ste. 1000
Washington, DC 20001
Tel: (202) 794-5355
mcbrown@earthjustice.org

*Counsel for Plaintiffs Climate Solutions and Sierra Club*

s/ Joshua Stebbins
s/ Zachary Fabish
s/ Joya Manjur

JOSHUA STEBBINS*
ZACHARY M. FABISH*
Sierra Club
50 F St. NW, 8th Floor
Washington, DC 20001
Tel: (202) 417-717
Tel: (650) 388-8446
josh.stebbins@sierraclub.org
zachary.fabish@sierraclub.org

JOYA MANJUR*
Sierra Club
2101 Webster St. #1300
Oakland, CA 94612
Tel: (510) 221-6342
joya.manjur@sierraclub.org

*Counsel for Plaintiff Sierra Club*

s/ Jennifer A. Sorenson

JENNIFER A. SORENSON, WSBA #60084
P.O. Box 31936
Seattle, WA 98103
Tel: (415) 361-9495
jen.sorenson@gmail.com

*Counsel for Plaintiff Natural Resources Defense Council*

s/ Shampa Panda-Bryant
s/ Thomas Zimpleman

SHAMPA PANDA-BRYANT*
THOMAS ZIMPLEMAN*
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
Tel: (202) 836-9333
Tel: (202) 289-6868
spanda-bryant@nrdc.org
tzimpleman@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*

* Admitted Pro Hac Vice
** Pro Hac Vice Forthcoming

PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION TO COMPLETE THE ADMINISTRATIVE RECORD – No 2:25-cv-02574-TL

12